UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ADP, INC. DEALER SERVICES GROUP, ET AL.,** | ) ) ) | CASE NO.1:08CV2378 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) ) | |
| **CRANDALL FORD, INC.** | ) ) | ORDER |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

     This matter is before the Court on Plaintiffs' ADP, Inc. Dealer Services Group and ADP Commercial Leasing, LLC Motion for Entry of Default and Default Judgment (ECF #6). Plaintiffs filed their Complaint on October 7, 2008, alleging breach of Agreements, actions on accounts and conversion. Plaintiffs served Defendant on October 10, 2008 and October 16, 2008. On December 3, 2008, Plaintiffs filed their Motion for Entry of Default and Default Judgment. On December 4, 2008, the Clerk of Courts entered default. Plaintiffs' Motion seeks the following:

     (1) Compensatory damages awarded to Plaintiff ADPDS in the

     amount of $206,975.31 under the Master Services Agreement

between Plaintiff ADPDS and Defendant;

(2) Compensatory damages awarded to Plaintiff ADPCL in the amount of $64,200.45 under the Master Equipment Lease Agreement between Plaintiff ADPCL and Defendant;

(3) A mandatory injunction ordering Defendant to immediately return all of Plaintiffs' intellectual property and equipment currently in Defendant's possession;

(4) Plaintiffs' costs and post-judgment interest at the applicable statutory rate; and

(5) Plaintiffs' reasonable attorney fees (to be determined, by affidavit or otherwise, at an evidentiary hearing to be scheduled by the Court).

The Court finds Defendant was duly served with the Complaint and failed to respond in a timely manner.  Therefore, the Court grants Plaintiffs' Motion for Default Judgment pursuant to Fed. R. Civ. P. 55 and Orders the following:

(1) Compensatory damages awarded to Plaintiff ADPDS in the amount of $206,975.31;

(2) Compensatory damages awarded to Plaintiff ADPCL in the amount of $64,200.45;

(3) The Court further Orders Defendant to immediately return all of Plaintiffs' intellectual property and equipment currently in Defendant's possession;

(4) Plaintiffs' costs and post-judgment interest at the applicable statutory rate; and

(5) Plaintiffs' reasonable attorney fees.

Plaintiffs shall provide the Court with an itemization of attorneys' fees supported by affidavit. Upon receipt the Court will determine if an evidentiary hearing is necessary.

IT IS SO ORDERED.

  S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

January 16, 2009